JEWETT, *petitioner, v.* BAILEY & *als.*

Where a deed of conveyance of lands, absolute in its terms, was made to three persons, to secure them against their liability as the sureties of the grantor for his debt; and they gave him a written promise, not under seal, to reconvey the land upon his payment of the debt; after which two of them were compelled to pay it, the grantor and the other surety being insolvent; it was held that an extent, by a creditor of the insolvent surety, upon his undivided portion of the land was valid, and conveyed to him the title to that portion, unaffected by any supposed equitable claims of the other sureties, who had paid the original debt.

IN this case, which was a petition for partition, the seisin of the petitioner was denied by the respondents. It appeared that one *Jermiah Smith,* who formerly owned the whole tract, conveyed it by an absolute deed, in fee, to *Colburn, Stevens,* and *Flitner,* his sureties, for their indemnity ; and they mortgaged it to the *Gardiner* bank for money obtained for his use ; which was afterwards paid by *Colburn* and *Stevens, Flitner* having become insolvent. *Smith* had no defeasance, but only a written promise from the grantees, to reconvey to him, on payment of the money for which they were liable, which he had never done. The petitioner, knowing the facts, attached and levied on *Flitner's* part of the land holden in common.

Many other facts were introduced into the case, which are here omitted, for the clearer understanding of the case as actually decided by the Court ; all the material facts upon which the decision is founded, being stated by the Chief Justice. The verdict was for the petitioner.

*Evans* argued for the petitioner.

*Allen,* for the respondents.

MELLEN C. J. delivered the opinion of the Court.

The facts of this case, arranged and compressed, are these. Previous to *Oct.* 31, 1814, *Colburn, Stevens* and *Flitner,* had become the sureties of *Smith,* for sundry debts which he owed, to the amount of about $500 ; and on that day *Smith* conveyed to them the prem-

ises described in the petitition, by an absolute deed, in fee simple. The consideration named therein is $600. They paid him $100 in some other way, satisfactory to him. It appears from the testimony of *Smith*, who was introduced as a witness by the respondents, that the deed was made in good faith, and with honest intentions ; that is, to indemnify them from all damage by reason of their suretiship, and advance of the $100; and at the same time, an agreement was signed (though there is no proof it was under seal) by the grantees, and delivered to *Smith*, whereby they engaged to reconvey the premises to him, upon his paying them said sum of $600, in a specified time. In 1815 this agreement was cancelled and a new and similar one was given to *Smith*. He has, however, never paid said sum, nor any part of it; and so has never entitled himself to a reconveyance, and has never received one from them. *Stevens* and *Colburn* have been obliged to pay the $500 for which they had become bound; and *Flitner*, having failed, has never paid any part of it. *Smith* has received the benefit of the whole sum of $600. In the view we take of the cause, the mortgage to the bank may be laid out of the case.

It has been urged that *Smith's* deed to *Colburn*, *Stevens* and *Flitner*, may and should be considered as a mortgage; but this is not the fact. There was no defeasance; but only a written promise, not under seal, to reconvey ; of course the cases to this point do not apply. The absolute estate vested, in equal proportions, in the three grantees; and though *Flitner* did not pay any part of the demands for which they all became responsible, that circumstance had no effect on his vested title, or any tendency to impair it. The only remedy that *Colburn* and *Stevens* have, is an action against *Flitner* to compel him to reimburse them the sum they have advanced for him. If he is unable to pay them, it is his and their misfortune. There is no legal ground for the argument in favor of construing the estate in *Flitner*, as a trust estate. The language of the deed negatives this construction ; and the authorities cited by the counsel for the petitioner, as well as many others, clearly shew this. The consequence is that when *Jewett* extended his execution on the one undivided sixth part of the premises, as there stated of *Flitner*, he was

in fact, the owner of one undivided third part. Having thus acquired a title and seisin to the part he claims, he is entitled to maintain his petition upon the issue tendered and joined ; the seisin having been acquired and having existed within twenty years next before filing the petition.

After having given this simple statement of the important facts of the case, and applied to them a few plain principles of law, it is unnecessary that we should advert to any other points which were discussed in the argument. We are all of opinion, that the defence fails ; and there must be *Judgment on the verdict.*